UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-cv-25359-COOKE/GOODMAN

KAREN SANTIAGO, et al.,

    Plaintiffs,

v.

HONEYWELL INTERNATIONAL, INC.,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON DEFENDANT'S UNOPPOSED MOTION FOR COSTS AND BILL OF COSTS

In this putative class action lawsuit, Karen Santiago and Deborah Mozina (collectively, "Plaintiffs") asserted claims for negligence and gross negligence stemming from Honeywell International, Inc.'s ("Honeywell" or "Defendant") installation of digital electric meters ("Smart Meters") at the residences of Florida Power & Light customers. [ECF No. 55]. This Court granted Honeywell's Motion to Dismiss, finding Plaintiffs had failed to state a claim under Florida law for either negligence or gross negligence and dismissing these claims with prejudice. [ECF No. 132].[1] Thus, Honeywell successfully defended against the lawsuit and is the prevailing party.

---

[1] Plaintiffs have appealed this ruling, [ECF No. 133], and the matter remains pending before the United States Court of Appeals for the Eleventh Circuit.

Honeywell now seeks to recover $2,343.00 in costs pursuant to 28 U.S.C. § 1920 and has filed an unopposed motion for costs and a bill of costs. [ECF Nos. 136; 137]. Specifically, Honeywell seeks to recover the costs associated with obtaining the deposition transcripts of Plaintiffs and the transcript of a March 2, 2021, discovery hearing seeking to compel Plaintiff Mozina's deposition. Plaintiffs did not file a response in opposition to the motion to tax costs and the time to do so has expired.[2]

United States District Judge Marcia G. Cooke referred to the Undersigned "all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B)." [ECF No. 100]. Accordingly, the Undersigned now issues this Report and Recommendations on Defendant's unopposed motion to tax costs and bill of costs. For the reasons stated below, the Undersigned respectfully **recommends** that the District Court **grant in part and deny in part** Honeywell's Motion and award Honeywell **$1,940.80** in taxable costs ($402.20 less than the requested amount).

---

[2] In its certificate of good faith conference, Honeywell states that:

> Plaintiffs have agreed that the costs Honeywell seeks in this motion and its bill of costs are taxable costs under 28 U.S.C. § 1920 and to the entry of an order awarding Honeywell costs in the amount of $2,343, and Honeywell has agreed it will not enforce an order for costs until after Plaintiffs' appeal of the Court's decision to dismiss the complaint is resolved.

[ECF No. 136, p. 3].

2

I.      **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the

3

prevailing party." *Monelus v. Tocodrian*, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II. Analysis

Honeywell is the prevailing party in this case based on the Court's Order dismissing with prejudice Plaintiffs' claims against it. [ECF No. 132]. Honeywell is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

Defendant seeks to recover the costs associated with obtaining the following transcripts: (1) $1,420.00 for Plaintiff Mozina's deposition; (2) $688.00 for Plaintiff Santiago's deposition; and (3) $235.00[3] for the March 2, 2021, discovery hearing seeking to compel Mozina's deposition.

Although Plaintiffs do not contest Honeywell's motion for costs, [ECF No. 136, p. 3], the Undersigned has nonetheless independently reviewed the costs sought to determine whether they are recoverable under § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set forth in Defendant's Motion, the Court nonetheless reviews each category of the items sought in the Defendant's Motion, and whether [the] [d]efendant can properly

---

[3] Honeywell omits the additional $0.95 reflected in the invoice for this hearing transcript, [ECF No. 137, p. 5], from its Motion and Bill of Costs. Accordingly, the Undersigned will not include the additional $0.95 in the recommended costs award.

receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly."), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the Motion on its merits."), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015).

Costs for transcripts are authorized by § 1920(2) insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting *W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("[C]ourt-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are

5

incurred for the convenience and not necessity of counsel, are not taxable."), report and recommendation adopted in part, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018). Each of Honeywell's requests for transcript costs will be addressed below.

### A. Transcript of Deborah Mozina's Deposition

Honeywell seeks to recover $1,420.00 for the deposition of Mozina. [ECF No. 137, p. 3]. Specifically, Honeywell seeks to recover $1,120.00 for the 175-page deposition transcript itself and $300.00 for the attendance fee of the court reporter. *Id.*

Defendant asserts that Mozina's deposition was necessary because she is a named plaintiff in the case. [ECF No. 136, p. 2]. This argument is persuasive and is one that has been widely accepted in this district. *See, e.g., Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22326-KMM, 2021 WL 6932164, at *4 (S.D. Fla. Nov. 19, 2021), report and recommendation adopted, No. 1:20-CV-22326-KMM, 2022 WL 213814 (S.D. Fla. Jan. 25, 2022) (finding necessity of obtaining the plaintiff's deposition to be "facially evident"); *Turner v. Charter Sch. USA, Inc.*, No. 18-24005-CIV, 2020 WL 8371206, at *3 (S.D. Fla. Nov. 9, 2020) ("It was wholly expected, routine and proper for the . . . [d]efendants to take [the] [p]laintiff's deposition. [The] [p]laintiff brought this lawsuit and was a central participant in, and witness to, the events described in his Complaint."), report and recommendation adopted, No. 1:18-CV-24005, 2021 WL 329422 (S.D. Fla. Feb. 1, 2021).

The invoice for the deposition transcript of Mozina includes the following description: "Original Deposition of Deborah Mozina, *four-day exp*." [ECF No. 137, p. 3 (emphasis added)]. "Costs associated with expedited transcripts should not be allowed 'as a matter of course, lest litigation costs be unnecessarily increased,' however expedited transcripts are sometimes necessary and may be recoverable as a cost." *Equal Emp. Opportunity Comm'n v. Austal USA, LLC*, No. CV 18-416-CG-M, 2020 WL 2530313, at *2 (S.D. Ala. May 18, 2020) (quoting *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002)), appeal dismissed, No. 20-11891-DD, 2020 WL 4931750 (11th Cir. July 8, 2020).

Here, Defendant's Motion does not address why Mozina's deposition was obtained on an expedited basis. Nonetheless, the docket in this case supports a finding that the costs incurred to obtain Mozina's deposition on an expedited basis were necessary.

Defendant was forced to obtain a Court Order compelling Mozina's deposition. [ECF No. 113]. The Court issued this Order on March 6, 2021, and Mozina provided a deposition on March 22, 2021. [ECF Nos. 113; 137, p. 3]. Approximately two weeks later, on April 5, 2021, Defendant filed its response in opposition to Plaintiffs' motion for class certification, [ECF No. 116], which cited portions of Mozina's deposition. Based on this timeline, the Undersigned concludes that the costs incurred in obtaining an expedited transcript of Mozina's deposition were necessarily incurred.

Defendant is also entitled to recover the cost of the court reporter attendance fee ($300.00). "[M]any courts in this district have held that court reporter attendance fees are taxable as costs." *Durham Com. Cap. Corp. v. Ocwen Loan Servicing, LLC*, No. 15-CV-80200, 2019 WL 12872743, at *3 (S.D. Fla. Sept. 6, 2019) (quoting *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018), report and recommendation adopted, No. 15-80200-CIV, 2019 WL 12872740 (S.D. Fla. Sept. 24, 2019)). In fact, "the majority position (in this district) is that these fees are recoverable." *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-CV-23362, 2020 WL 6731235, at *11 (S.D. Fla. Oct. 20, 2020) (citing *Rakip*, 2014 WL 12737632, at *6), report and recommendation adopted, No. 17-CV-23362-KMM, 2020 WL 6729401 (S.D. Fla. Nov. 16, 2020).

In sum, the Undersigned **respectfully recommends** that Honeywell's request for the costs of obtaining Mozina's deposition transcript be **granted** in the amount of **$1,420.00** ($1,120 for the expedited transcript and $300.00 for the attendance fee of the court reporter).

### B. Transcript of Karen Santiago's Deposition

Honeywell further seeks to recover $688.00 for the transcript of Santiago's deposition. [ECF No. 137, p. 4]. Specifically, Honeywell seeks $252.00 for the 56-page deposition, $277.20 for obtaining an overnight expedited transcript, $40.00 for a litigation support package, $20.00 for a condensed transcript, $45.00 for processing and handling, and $20.00 for delivery (return of original exhibits). *Id.*

For the same reasons as stated above, the deposition transcript for Santiago is a recoverable cost because, like Mozina, she is a named plaintiff and the necessity of obtaining her deposition for use in the case is readily apparent.

However, as with Mozina's deposition transcript invoice, Santiago's deposition transcript invoice reflects a surcharge for obtaining an expedited transcript. *Id.* Honeywell's Motion does not provide an explanation for why it ordered Santiago's deposition transcript on an expedited basis. Nonetheless, the docket here too reveals *why* Honeywell incurred an expedited surcharge. But, unlike the deposition of Mozina, the surcharge incurred to obtain an expedited transcript of the deposition of Santiago was not justified and should not be taxed under § 1920(2).

Santiago's deposition was taken on February 12, 2018. [ECF No. 137, p. 4]. A mere four days later, on February 16, 2018, Honeywell filed its response in opposition to Santiago's[4] motion for class certification. [ECF No. 45]. Honeywell's response cited portions of Santiago's deposition transcript. Under these circumstances, it would be reasonable (and, indeed, expected) for Honeywell's counsel to have ordered Santiago's deposition transcript on an expedited basis. However, and as discussed below, the Court should not allow Honeywell to recover the expedited costs of obtaining this deposition transcript.

---

[4] At the time, Mozina had not yet joined the case and Santiago was the only named plaintiff.

9

Like Mozina's deposition, Santiago's deposition was also preceded by a Court Order compelling her deposition. [ECF No. 43]. As explained by now Chief United States Magistrate Judge Edwin G. Torres in his Order allowing the deposition of Santiago to be taken (after the close of fact discovery), the delay in taking Santiago's deposition was Defendant's fault:

> **Defendant has presented no persuasive reason on why it waited so long to conduct discovery in this case**. In the parties' Joint Scheduling Report, the parties indicated that they would not expend any resources on or commence discovery before August 1, 2017. [D.E. 32]. **Waiting five months to allow for the District Court to rule upon Defendant's motion to dismiss wasted considerable time for the parties to engage in discovery and avoid the problems that are now before the Court**. Making matters worse, Defendant did not serve its discovery responses immediately after August 1, 2017, but waited nearly four additional months to do so. After Defendant extended the time to respond to its discovery requests, Plaintiff served its responses on January 3, 2018. **And for the first time on January 5, 2018, Defendant requested that Plaintiff provide dates for Plaintiff and her husband to be deposed.**
>
> **It is of no surprise that Defendant finds itself in the current predicament of not having the opportunity to depose Plaintiff. Defendant was a willing participant in delaying discovery in this case and now seeks relief after digging the hole it now finds itself in.** Ordinarily, we would not grant Defendant any relief given the discovery deadline in this case has now passed, and especially after **Defendant sat on its hands for nearly the entire year after filing its motion to dismiss in March 2017.** However, in the interests of justice and to properly dispose of the motion to certify a class [D.E. 41], Plaintiff is compelled to appear for a deposition in this case within seven (7) days from the date of this Order.

*Id*. at 3-4 (emphasis added).

Defendant provides *no* explanation in its Motion for why it incurred an "Overnight Expedited Transcript" surcharge in obtaining the deposition transcript of

10

Santiago. This alone is sufficient to deny the expedited cost. *See Velez v. Sprint/United Mgmt. Co.*, No. 6:19-CV-987-GAP-LRH, 2021 WL 1553934, at *6 (M.D. Fla. Mar. 30, 2021) ("[The] [d]efendant provides no explanation in its motion for expediting these transcripts, and accordingly, the costs for expediting these transcripts should be denied."), report and recommendation adopted, No. 6:19-CV-987-GAP-LRH, 2021 WL 1546133 (M.D. Fla. Apr. 20, 2021). Additionally, there is support in the record (Judge Torres' Order) for finding that the expedited costs were directly incurred as a result of Defendant's delay in seeking Santiago's deposition. The cost of expediting Santiago's deposition transcript ($277.20) should be omitted from Defendant's costs award.

Moreover, Honeywell is not entitled to costs for a litigation support package, a condensed transcript, processing and handling, or the costs associated with the return of the original exhibits. Costs incurred "merely for the convenience of counsel" are generally not recoverable. *See, e.g., Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *8 (S.D. Fla. Sept. 27, 2010) (finding that costs such as "condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping" are not recoverable when merely "for the convenience of counsel"), report and recommendation adopted, No. 08-81579-CIV-HURLEY, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010); *Henderson v. Home Depot U.S.A., Inc.*, No. 8:04–cv–2382–T–24TGW, 2006 WL 4978430, *4 (M.D. Fla. July 6, 2006) (finding that "postage or delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts"); *Biscayne*

*Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV, 2014 WL 12631667, at *3 (S.D. Fla. July 29, 2014) ("fees for expedited or condensed transcripts . . . are considered to be merely for the convenience of counsel" and therefore are not recoverable).

Here, Defendant has not shown that the litigation support package, the condensed transcript, processing and handling fee, or the fee for the return of the original exhibits were costs incurred out of necessity (as opposed to convenience costs). As a result, Defendant should not be awarded costs incurred for the convenience of counsel, totaling $125.00 (litigation support package ($40.00); condensed transcript ($20.00); processing and handling ($45.00); and the delivery-return of original exhibits ($20.00)).

In sum, the Undersigned **respectfully recommends** that Honeywell's request for costs associated with obtaining Plaintiff Santiago's deposition transcript be **granted in part and denied in part.** Defendant should be permitted to recover **$285.80** ($252.00 for the transcript plus $33.80 for the exhibits) in costs incurred for obtaining Santiago's deposition transcript.

### C. Hearing Transcript

Next, Honeywell seeks to recover $235.00 for the March 2, 2021, discovery hearing transcript. [ECF No. 136, pp. 2-3]. Honeywell explains that this transcript was necessarily obtained for use in the case because it demonstrated that Plaintiff was aware of the statute of limitations. *Id.* at p. 2. Honeywell's explanation is persuasive, especially considering that Honeywell cited to that portion of the discovery hearing transcript in its response in

opposition to Plaintiffs' motion for class certification. [ECF No. 116, p. 9 n.6]. *See Covington,* 2011 WL 810592, at *4 (awarding costs incurred for hearing transcript based on the movants' explanation that "[the] hearing transcript was necessarily obtained for use in the case because statements about the plaintiff's residential history were made at that discovery hearing which were utilized in opposition to the plaintiff's motion for class certification."), report and recommendation adopted, No. 08-21894-CIV, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011).

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Defendant the requested **$235.00** in costs incurred for the March 2, 2021, discovery hearing transcript.

## III. Conclusion

For the reasons stated above, the Undersigned respectfully recommends that the District Court **grant in part and deny in part** Honeywell's motion for costs and award it **$1,940.80** in taxable costs ($1,420.00 for Mozina's deposition transcript, $285.80 for Santiago's deposition transcript, and $235.00 for the March 2, 2021 discovery hearing transcript), plus interest from the date of the final judgment.[5]

---

[5] Although neither party addressed post-judgment interest, "post-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020); *see also Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-CV-952-Orl-40GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) ("[The] [p]laintiff's failure to request post-judgment interest does not preclude an award thereof."), report and recommendation adopted, No. 6:16-CV-952-Orl-40GJK, 2017 WL 11025405 (M.D. Fla. Jan. 4, 2017); *BP Prod.*

**IV.     Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on March 25, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

---

*N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").